UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
SHERRY L. DeHOOG,
    Debtor. No. 13-08-12312 SF

## FINDINGS OF FACT AND CONCLUSIONS OF LAW
## and ORDER DISMISSING CASE

This matter came before the Court for hearing on an Order to Show Cause why case should not be dismissed for failure to comply with credit and budget counseling requirements. This is a core proceeding.

The sole issue is whether the case should be dismissed for failure to comply with the budget and credit counseling requirements of 11 U.S.C. § 109(h)(1) and (3), which state:

> (h)(1) Subject to paragraphs (2) and (3), and notwithstanding any other provision of this section, an individual may not be a debtor under this title unless such individual has, <u>during the 180-day period preceding the date of filing of the petition</u> by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.
> ...
> (3)(A) Subject to subparagraph (B), the requirements of paragraph (1) shall not apply with respect to a debtor who submits to the court <u>a certification</u> that--
> (i) describes exigent circumstances that merit a waiver of the requirements of paragraph (1);
> (ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was <u>unable to obtain the services referred to in paragraph (1) during the 5-day period beginning on the date on which the debtor made that request</u>; and
> (iii) is satisfactory to the court.

> (B) With respect to a debtor, an exemption under
> subparagraph (A) shall cease to apply to that debtor on
> the date on which the debtor meets the requirements of
> paragraph (1), but in no case may the exemption apply
> to that debtor after the date that is 30 days after the
> debtor files a petition, except that the court, for
> cause, may order an additional 15 days.

(Emphasis added.)

The facts are not disputed. Debtor filed her chapter 13 petition in this case, through Counsel, on July 17, 2008 at 3:13 p.m. MDT. Doc 1. Debtor filed her certificate of the (first) budget and credit counseling at the same time, doc 3, which showed that she had taken the counseling on January 4, 2008, clearly more than 180 days before the filing of the filing of the petition. Virtually immediately after the filing, it was noticed that her counseling certificate was outdated, and Debtor was advised to immediately take another course in order to at least have an argument to keep the case alive. Debtor promptly did as advised, completing the course at 5:05 p.m. MDT (6:05 CDT) on July 17, 2008, according to the second certificate. Doc 8. So, in summary, Debtor did not complete the budget and credit counseling course during the 180-day period immediately preceding the filing of her petition, nor did she submit with the petition a certificate that stated she was unable to obtain counseling during the 5-day period preceding her petition. These facts would suggest that under the statute she "may not be a debtor under this title."

Page -2-

An order to show cause why the case should not be dismissed issued on July 17, 2008, and on July 28, 2008, the Court conducted a hearing on the order to show cause. At the hearing Debtor's counsel ably and vigorously argued that dismissal was not required, and indeed that the case should not be dismissed. Besides pointing out that the mistake was entirely inadvertent, Counsel relied heavily on In re Manalad, 360 B.R. 288 (Bankr. C.D. Calif. 2007) (finding dismissal discretionary based on a three part test), in which the Court ruled that a debtor's failure to obtain the requisite budget and credit counseling prior to filing the petition was not a jurisdictional defect and that dismissal was not otherwise mandated.

The Court need not decide whether compliance with the counseling requirement is jurisdictional; even if it is not, pre-petition credit counseling is required except in situations plainly set forth in the statute. The Court has reviewed the statute and finds it clear. Debtor does not meet any of the statutory exceptions.

Section 109(h) does not state the consequences for failure to obtain credit counseling during the appropriate time window. The Courts have not agreed on those consequences. Compare In re Manalad (court has discretion not to dismiss) with In re Ruckdaschel, 364 B.R. 724 (Bankr. D. Id. 2007)(holding that strict compliance with section 109(h) is required on pain of

Page -3-

dismissal). Nor have the courts agreed, with respect to those cases that cannot continue, whether the petitions in those cases should be dismissed or "stricken". See In re Francisco, 386 B.R. 854, 862 (listing cases), reversed on other grounds, 390 B.R. 700 (10th Cir. B.A.P. 2008). The consequence in a case in which there has been a failure to comply with the budget and credit counseling requirement is that the case should be dismissed.[1]

IT IS ORDERED that this case is dismissed without prejudice.

_/s/ James S. Starzynski_

Honorable James S. Starzynski
United States Bankruptcy Judge

Date Entered on Docket: September 17, 2008

---

[1] As stated in Francisco, 386 B.R. at 856, n. 7:
"In cases in which an attorney represents the debtor and which are dismissed because the counseling does not take place within (whether before or after) the 180-day period, the Court has adopted the practice of requiring (if necessary) the attorney to reimburse the debtor for the filing fee and to assist the debtor at no charge in refiling the case (if the debtor chooses to use that attorney again), including filing any stay motion that may be required pursuant to §363(c)(3) or (4). Certainly no order is required in this case."

Case 08-12312-s13    Doc 20    Filed 09/17/08    Entered 09/17/08 13:21:37 Page 4 of 5

copies to:

Gerald R Velarde
2531 Wyoming Blvd NE
Albuquerque, NM 87112-1027

Kelley L. Skehen
625 Silver Avenue SW
Suite 350
Albuquerque, NM 87102-3111

United States Trustee
PO Box 608
Albuquerque, NM 87103-0608